# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHI PHAM and FRANK NGUYEN, on Behalf of Themselves and Others Similarly Situated,<br><br>                                 Plaintiffs,<br>  vs.<br><br>CAPITAL HOLDINGS, INC., a California Corporation; et al.,<br><br>                                Defendants. | CASE NO. 10cv0971-LAB (AJB)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

On August 9, 2011 the Court dismissed Plaintiffs' RICO claims — the only federal claims in their lawsuit — and indicated it would not retain supplemental jurisdiction over their state law claims. It gave Plaintiffs 14 days to show that the Court still has jurisdiction over those claims pursuant to the Class Action Fairness Act, which requires a class of 100 or more persons, an amount in controversy greater than $5 million, and minimal diversity. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020–21 (9th Cir. 2007); 28 U.S.C. § 1332(d)(2).

Plaintiffs now contend that they can satisfy these requirements, but that the "local controversy" and "home-state controversy" exceptions to CAFA jurisdiction apply to their claims. *See* 28 U.S.C. § 1332(d)(4)(A) & (B). Even when a district court has jurisdiction under § 1332(d)(2), it "shall decline to exercise jurisdiction"

    (I) over a class action in which–

      (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

      (II) at least 1 defendant is a defendant–

        (aa) from whom significant relief is sought by members of the plaintiff class;

        (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

        (cc) who is a citizen of the State in which the action was originally filed; and

      (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

    (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons . . . .

28 U.S.C. § 1332(d)(4)(A). A district court should also decline to exercise jurisdiction under § 1332(d)(2) when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B).

   Plaintiffs appear to be concerned that, with no basis for jurisdiction, the Court is inclined to dismiss their state law claims *with* prejudice, and also inclined to award fees and costs to the Defendants. They argue against each and seek a voluntary dismissal by the Court pursuant to Fed. R. Civ. P. 41(a)((2). That is fine, but not necessary. When the Court dismisses a plaintiff's federal claims and chooses not to exercise supplemental jurisdiction over its state law claims — and when there is no other basis for federal jurisdiction — it simply dismisses the case in a manner that allows the plaintiff to bring it in state court. That

1 is the appropriate course of action here; while Plaintiffs' RICO claims were ill-conceived, they
2 were not frivolous.
3     This case is **DISMISSED WITHOUT PREJUDICE**. Each party shall bear its own fees
4 and costs for litigating in federal court.

6     **IT IS SO ORDERED**.
7 DATED: August 22, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge